IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **EVELIO CUNNINGHAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-09-43** |
| | § | |
| **THE HONORABLE PETE GEREN,** | § | |
| **SECRETARY, DEPARTMENT OF** | § | |
| **THE ARMY,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's Rule 12(b) Motion to Dismiss or Transfer Action to the Corpus Christi Division. (Dkt. No. 8.) Plaintiff has responded. (Dkt. No. 10.) Having considered the motion, response, and relevant law, the Court finds that the motion should be DENIED in part and GRANTED in part.

### Background

This is a Title VII action against the United States Army, charging that Plaintff was disciplined and not promoted because of his race. Plaintiff is employed as an aircraft electrician at the Corpus Christi Army Depot. The facts of his complaint are not at issue here since Defendant only challenges Plaintiff's service of process and argues that the case should be transferred to the Corpus Christi Division.

### Service of Process

Defendant first argues that Plaintiff's attempt to serve process on the U.S. Attorney's Office failed (and thus the Court has no personal jurisdiction over Defendant) because he mailed the complaint and summons to the U.S. Attorney, but it was not addressed to the civil process clerk, as

1

required by FED. R. CIV. P. 4(i). However, Plaintiff has since filed another return of service showing service by mail addressed to the civil process clerk at the U.S. Attorney's Office. (Dkt. No. 11.) This service was made on September 24, 2009, ninety-three days after the complaint was filed on June 23, 2009, and thus within the 120-day limit imposed by FED. R. CIV. P. 4(m). Thus, whether or not service was proper at the time of Defendant's motion, it has been properly made now. The motion to dismiss for lack of personal jurisdiction is denied.

## Intra-district Transfer

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." The party moving for transfer under section 1404(a) has the burden of demonstrating that a change of venue is warranted. *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996). The decision to transfer a case between divisions lies completely within the discretion of the Court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)

When determining whether a case should be transferred to another division within the same district, the court should consider the following factors: "the availability and convenience of witnesses and parties; the location of counsel; the location of evidence; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the traditional deference accorded plaintiff's choice of forum." *Lowery v. University of Houston-Clear Lake*, 50 F. Supp. 2d 648, 649 (S.D. Tex. 1999); *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994). The court should also consider the public's interest in the "fair and efficient administration of the judicial system." *Houston Trial Reports, Inc. v. LRP Pbl'ns, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999).

It appears that every person associated with this case is in Corpus Christi: Plaintiff resides there; his coworkers and supervisors, who would presumably be witnesses, work there; Plaintiff's

counsel's office is there; and Defendant's counsel is there. Plaintiff states in his response to the motion that there will be no physical evidence in the case, just documents and witnesses, so that factor is inapposite. The cost of obtaining witnesses is not enormous, since the Victoria Division's courthouse is only about 90 miles from Corpus Christi, but that cost would be all but eliminated in the Corpus Christi Division. The place of the alleged wrong is, of course, Corpus Christi. Neither party has addressed any delay or prejudice that would result from a transfer, and the Court can see no reason why any prejudice to either party would occur. As to the efficient administration of the judicial system, the Court also does not see any reason why this would favor one venue over the other.

Since every witness, party, and attorney in this case are in Corpus Christi, and since the expense of bringing those attorneys and witnesses to Victoria for a trial are not insubstantial, the Court finds that these factors outweigh the deference to Plaintiff's choice of forum. Thus, Defendant's motion for transfer is granted.

## Conclusion

Defendant's Motion is DENIED to the extent that it asks for dismissal for lack of personal jurisdiction. However, the motion to transfer is GRANTED, and this case is hereby TRANSFERRED to the Corpus Christi Division of the Southern District of Texas for further proceedings.

It is so ORDERED.

Signed this 25th day of November, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE