UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EVELIO EDWARD CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-333 |
| | § | |
| THE HONORABLE PETE GEREN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Defendant's Motion to Dismiss Non-promotion Claims (D.E. 34) and Motion for Summary Judgment (D.E. 35). For the reasons stated herein, Defendant's Motion to Dismiss Non-promotion Claims is DENIED AS MOOT (D.E. 34), but Defendant's Motion for Summary Judgment is GRANTED (D.E. 35), and this action is DISMISSED.

**I.     Jurisdiction**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**II.    Factual and Procedural Background**

Plaintiff filed this action on June 23, 2009 (D.E. 1), and filed a First Amended Complaint on February 18, 2010 (D.E. 30, 32). In his First Amended Complaint, Plaintiff, a forty-two year old Caucasian male, states that he began employment with the Corpus Christi Army Deport (CCAD) on August 9, 2004 as a general mechanic, a WG-8801-05 position. He remains employed at CCAD presently as an aircraft electrician, a WG-2892-08 position. (D.E. 32 at 3.) The following facts are derived from Plaintiff's

First Amended Complaint.

Plaintiff's First Amended Complaint details several different events beginning in September 2006 and leading up to the incident upon which the present lawsuit is based. In September 2006, Plaintiff alleges that his work leader, John Vasquez, asked Plaintiff to do work that Plaintiff believed to be "unethical and illegal," and threatened Plaintiff's job when he initially refused. Although Plaintiff eventually complied, he filed a complaint against Mr. Vasquez. After filing the complaint, Avionics/Electrical Supervisor Marisa Martin,[1] a Hispanic female, allegedly called Plaintiff a "trouble maker." (D.E. 32 at 3.)

Thereafter, on March 1, 2007, Ms. Martin issued Plaintiff a Letter of Reprimand, claiming that Plaintiff had a verbal argument with a Hispanic co-worker, Ruben Arieola. This led Plaintiff to file an EEOC Charge of Discrimination on or about March 23, 2007, alleging racial discrimination. In this Charge of Discrimination, Plaintiff claimed that Ms. Martin treated him less favorably as compared to Mr. Arieola, who had committed a more serious offense when he threatened Plaintiff with bodily harm, but was given only a verbal warning, in contrast to Plaintiff's written reprimand. (D.E. 32 at 4.)

Plaintiff then alleges that on April 27, 2007, Ms. Martin promoted two Hispanic employees (Isaac Rodriguez and Linda Sanchez Randall) to WG-2892-10 positions for 120-day details instead of Plaintiff, even though they had less experience and knowledge as compared to Plaintiff. Consistent with the CCAD Labor Agreement, promotion decisions were supposed to be made based upon an employee's service compensation date and experience, but Ms. Martin allegedly did not follow the Labor Agreement in his case. Plaintiff commenced service in 1984, whereas Mr. Rodriguez and Ms. Randall

---

[1] Marisa Martin has since changed her name to Marisa Flores. (D.E. 34 at 1.) For purposes of clarity, the Court will continue to refer to her as Ms. Martin.

began service in 2002 and 2004, respectively. Plaintiff states that while he was under Ms. Martin's supervision, he was never given a temporary promotion; instead, only Hispanic employees received such promotions. (D.E. 32 at 5.) Plaintiff states that he learned about these promotions on or about September 6, 2007. (D.E. 32 at 3.) Plaintiff alleges that his failure to be promoted was due to Ms. Martin's racial discrimination. (D.E. 32 at 3-4.) These claims are referred to herein as the "non-promotion claims."

The final incidents occurred on July 2 and 3, 2007. Plaintiff alleges that, on those dates, Ms. Martin retaliated against him for his March 2007 Charge of Discrimination by improperly charging him with approximately 3.75 hours of absence without leave (AWOL) time when he was attending to union matters in his role as union steward. Plaintiff alleges that Ms. Martin knew where he was on the morning in question, and that he had followed proper procedures to request leave but nevertheless was charged with AWOL time. (D.E. 32 at 6.) Plaintiff also claims that Ms. Martin discriminated against him on the basis of race, because she treated him differently than similarly-situated Hispanic union stewards who took leave time to attend to union matters. Plaintiff alleges that Ms. Martin falsely accused him of AWOL even though he followed the same leave procedures as his Hispanic colleagues, none of whom were charged with AWOL. (D.E. 32 at 5.) Plaintiff exhausted his administrative remedies with respect to his AWOL claim before filing suit. Cunningham v. Geren, Appeal No. 0120090425, 2009 WL 900643 (E.E.O.C. Mar. 24, 2009).

On March 19, 2010, Defendant brought a Motion to Dismiss, seeking to dismiss Plaintiff's non-promotion claims on the grounds that Plaintiff did not exhaust his administrative remedies. (D.E. 34 at 2.) Plaintiff filed a Response on April 8, 2010.

(D.E. 36.)  On March 31, 2010, Defendant filed the Motion for Summary Judgment, this time seeking to dismiss Plaintiff's non-promotion claims as well as retaliation claims. (D.E. 35.)   Plaintiff filed a Response to this Motion on April 20, 2010. (D.E. 37.) Defendant filed a Reply on April 30, 2010.  (D.E. 39.)

### III.    Discussion

#### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  Rivera, 349 F.3d at 247.  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific

facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968). The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B.  Title VII Discrimination and Retaliation

In a Title VII discrimination or retaliation case, the plaintiff first bears the burden of establishing a prima facie case.[2] "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, non-discriminatory or non-retaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real

---

[2] To establish a prima facie case of racial discrimination in employment, an employee must demonstrate that "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." Lee v. Kansas City Southern Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). There are three elements to a prima facie case of retaliation under Title VII: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." Raggs v. Mississippi Power & Light Co., 278 F.3d 463, 471 (5th Cir. 2002).

discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each non-discriminatory or non-retaliatory reason articulated by the employer." McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007) (internal citations omitted); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 2008).

### C. Analysis

#### 1. Discrimination: Non-Promotion Claims

As outlined above, Plaintiff describes several different incidents with Ms. Martin beginning in September 2006. In his Response to Defendant's Motion to Dismiss Non-Promotion claims, however, Plaintiff clarifies that his Title VII cause of action is based solely on the July 2007 incidents. He states that "he does not assert or request any specific relief regarding what Defendant refers to as 'Non-Promotion Claims' involving Plaintiff's non-selection for two 120-day details," and that this information is set forth merely for "historical value." (D.E. 36 at 2.) Plaintiff further explains, "[b]eginning in paragraph 18 [of the First Amended Original Complaint] Plaintiff asserts and explains why he believes that his supervisor, Marissa Martin, discriminated and retaliated against him. However, earlier in Plaintiff's First Amended Original Complaint, beginning in paragraphs 11 through 17, Plaintiff provides background information to establish earlier examples of discriminatory treatment and the genesis of his retaliation claim." (D.E. 36 at 1-2.)

In light of this clarification, the Court understands Plaintiff's claims to involve only the July 2007 incidents in which Ms. Martin charged Plaintiff with a total of 3.75 hours of AWOL time. (D.E. 36 at 5-6, ¶¶ 18-20.) Plaintiff does not seek relief for any of

Martin's promotion decisions. As such, the Court denies as moot Defendant's Motion to Dismiss Non-Promotion Claims. (D.E. 34.) The Court also need not consider the arguments in Defendant's Motion for Summary Judgment regarding Plaintiff's temporary promotion claim. (D.E. 35 at 6-7.)

### 2. Discrimination and Retaliation: AWOL Charges

Defendant argues in his Motion for Summary Judgment that the July 2007 incidents do not support Plaintiff's claims of discrimination and/or retaliation "because it is de minimis and thus, does not constitute a 'materially adverse' employment action," as it only amounts to a financial loss of approximately eighty dollars before taxes. (D.E. 35 at 7.) In addition, Defendant argues that summary judgment should be granted based upon Ms. Martin's statements in her Declaration justifying her decision to charge Plaintiff with AWOL time in July 2007. (D.E. 35 at 7-8.) In response, Plaintiff argues that Ms. Martin's conduct had not just a financial impact upon him, but also an emotional impact, causing "depression and frequent anxiety." (D.E. 37 at 3.) He claims that he is currently taking prescription medication to deal with these difficulties. Ms. Martin's actions have also allegedly caused him to "hesitate and sometimes forego raising discrimination claims for fear of retaliation." (D.E. 37 at 3.)

#### a. De Minimis Loss

As an initial matter, the Court cannot agree that Plaintiff's loss in this case is de minimis. See Burlington Northern, 548 U.S. at 67-68 (2006) ("The antiretaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm. . . . [A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means

it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'")  Though Plaintiff may have only lost approximately eighty dollars, the Court must look beyond merely the financial loss.  Plaintiff states in his Response and attached Affidavit that the "AWOL charge affected [him] emotionally, most notably with depression and frequent anxiety," causing him to take prescription medication, and that the AWOL charge has caused Plaintiff "to hesitate and sometimes forego raising discrimination claims for fear of retaliation."  (D.E. 37-1 at 2.)  The combined emotional and financial impact leads the Court to deny summary judgment on this basis.  The Court now turns to Defendant's second argument for dismissal.

### b.    Explanation for AWOL Charges

With his Motion for Summary Judgment, Defendant provides Ms. Martin's Declaration, which provides a non-discriminatory, non-retaliatory explanation for Plaintiff's AWOL charges in July 2007.  (D.E. 35-1 at 2.)[3]  Plaintiff provides a different account of this incident in his pleading.  Plaintiff also provides an affidavit with his Response, but it does not specifically address the facts surrounding the July 2007 incidents.  In his Reply, Defendant argues that Plaintiff has failed to meet his burden in

---

[3] Ms. Martin's Declaration is proper summary judgment evidence because Rule 56(e) applies to both affidavits and declarations.  Allen v. Potter, 152 Fed. Appx. 379, 382 (5th Cir. 2005) ("In general, an unsworn affidavit is incompetent to raise an issue of fact to preclude summary judgment; however, 28 U.S.C. § 1746 provides an exception that permits unsworn declarations to substitute for an affiant's oath if the statement is made 'under penalty of perjury' and verified as 'true and correct.'") (citing Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir.1988)); See 28 U.S.C. § 1746 ("Wherever, under any law of the United States or under any rule . . . made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (2) If executed within the United States, . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." (Signature)).  The declaration in this case complies with 28 U.S.C. § 1746.  The declaration is otherwise in compliance with Rule 56(e), as it is based on Ms. Martin's personal knowledge of the events in question, sets out facts that would be admissible in evidence, and shows that Ms. Martin is competent to testify on the matters stated.

opposing the Motion for Summary Judgment.  (D.E. 39 at 1.)  The Court agrees.

As the Court has noted above, on summary judgment, the moving party must prove that "there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law."  <u>Rivera</u>, 349 F.3d at 246.  If the moving party meets its burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  <u>Rivera</u>, 349 F.3d at 247.

Federal Rule of Civil Procedure 56(e) governs the submission of affidavits in support of a motion for summary judgment.  Rule 56(e)(1) applies to affidavits in general and provides in relevant part, "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  Rule 56(e)(2) governs responses to affidavits.  It provides, "[w]hen a motion for summary judgment is properly made and supported, **an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party**."  Fed. R. Civ. P. 56(e)(2) (emphasis added).  The object of Rule 56(e) "is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit. . . . Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues."  <u>Lujan v. Nat'l Wildlife Fed.</u>, 497 U.S.

871, 888-89 (1990).  The Fifth Circuit has further explained, "[w]e resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, **when both parties have submitted evidence of contradictory facts.  We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts**."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations and quotation marks omitted) (emphasis added).  In sum, "summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.  If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted."  Id. at 1076 (internal quotation marks omitted).

   In this case, Ms. Martin's Declaration provides details regarding the July 2007 incidents.  With respect to the July 2, 2007 AWOL charge, Ms. Martin states, "Mr. Cunningham's shift started at 6:00 a.m.  I knew he had a meeting pertaining to a union grievance at 6:30 a.m., but he did not report to the hanger for the morning attendance muster at 6:00 a.m. as required or ask my permission to be absent from the attendance muster.  Also, when he learned the union grievance meeting was canceled, he did not report back to the hanger until 7:00 a.m.  So, I charged him with one hour of absence without leave."  (D.E. 35-1 at 2.)  Similarly, with respect to the July 3, 2007 incident, Ms. Martin reports that Mr. Cunningham attended a personnel meeting from 8:00 to 10:15 am.  She states, however, "instead of returning to Hangar 47 [Mr. Cunningham's work station] after the meeting, Mr. Cunningham went to the union office and did not return to the hangar until about 1:30 p.m.  So, I charged him with 2.75 hours of absence without leave."  (D.E. 35-1 at 2.)  She concludes that her actions "had nothing to do with [Mr.

Cunningham's] race, gender, national origin, or prior protected activity.  I was simply enforcing the leave and attendance requirements." (D.E. 35-1 at 3.)

Plaintiff's responsive affidavit does not address the facts surrounding the July 2007 incidents.  With respect to that incident, Plaintiff states only, "in [sic] July 2nd and 3rd of 2007 I lost income when I was wrongfully charged with absence without leave by my supervisor Marissa Flores, for reasons I believe were in retaliation for having filed a prior discrimination complaint against her for race-based discrimination regarding the imposition of discipline. . . . I was deeply affected by Ms. Flores' decision to dock my pay for AWOL which I believe was unjustified and intentionally imposed in retaliation for a prior discrimination complaint made against a Hispanic co-worker." (D.E. 37-1 at 1-2.)  The remainder of the affidavit discusses the emotional impact that Ms. Martin's actions had upon Plaintiff.  (D.E. 37-1 at 2.)  Plaintiff fails to provide any facts to support his allegation that Ms. Martin's AWOL charge was improper.  There is no statement, for example, that Plaintiff did in fact appear at morning muster on the dates in question, or that he did actually request permission to be absent, or that Ms. Martin is incorrect as to her claims regarding his time of arrival at his work station.  Rather, Plaintiff provides only conclusory allegations that Ms. Martin's actions were due to racial discrimination or retaliation for the prior EEOC Charge.  In short, Plaintiff's responsive Affidavit does not "set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2), and rather simply "replace[s] conclusory allegations of the complaint . . . with conclusory allegations of an affidavit." Lujan, 497 U.S. at 888-89.[4]

---

[4] Plaintiff's failure to adequately respond cannot be justified on the basis of incomplete discovery, which is scheduled to end on August 31, 2010.  (D.E. 18 at 2.)  Even without any discovery, Plaintiff would certainly have personal knowledge of the events surrounding the July 2007 incidents, such as whether he

Even assuming Plaintiff could make out a prima facie discrimination or retaliation case in this action, Defendant, through Ms. Martin's Declaration, has provided "a legitimate, non-discriminatory or non-retaliatory reason for its employment action." McCoy, 492 F.3d at 556-57. Plaintiff has failed in his affidavit to demonstrate that this reason is merely pretextual, or at least to demonstrate a genuine issue of material fact as to the validity of Ms. Martin's stated reason for her actions. Despite a clear opportunity to do so, Plaintiff has failed to "rebut each non-discriminatory or non-retaliatory reason articulated by the employer." Id. In light of these considerations, the Court concludes that no genuine issue of material fact is present in this case. Therefore, the Court must grant Defendant's Motion for Summary Judgment. (D.E. 35.)

## IV. Conclusion

For the reasons stated above, the Court DENIES AS MOOT Defendant's Motion to Dismiss Non-Promotion Claims. (D.E. 34.) The Court, however GRANTS Defendant's Motion for Summary Judgment. (D.E. 35.) This action is hereby DISMISSED WITH PREJUDICE.

SIGNED and ORDERED this 3rd day of May, 2010.

_____
Janis Graham Jack
United States District Judge

---

obtained permission to be absent from morning muster, what time he arrived for work, and any related issues.